```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

MAURICE WALLACE #R-10764,      )
                               )
              Plaintiff,       )
                               )
     v.                        )     No.  10 C 4441
                               )
PEGGY H. TANNER,               )
                               )
              Defendant.       )

### MEMORANDUM ORDER

Maurice Wallace ("Wallace"), whose current filing shows him to be a persistent litigator in the United States District Court for the Southern District of Illinois,[1] has just tendered a self-prepared purported <u>Bivens</u> Complaint against Peggy Tanner, whom he describes as the government's Chief Privacy Officer with offices in this Northern District of Illinois.  For that purpose Wallace has employed the form of Complaint provided by this District Court's Clerk's Office for use by persons in custody, accompanied by an In Forma Pauperis Application ("Application," also on a Clerk's-Office-provided form).

It is unnecessary--and indeed inappropriate--for this Court to turn to the substantive problems with Wallace's purported Freedom of Information Act lawsuit, for this Court's initial screening under 28 U.S.C. §1915A(a)[2] has identified a threshold

---

[1] Wallace is serving time in the Tamms Correctional Center ("Tamms") in that judicial district.

[2] All further references to Title 28's provisions will simply take the form "Section--."

problem that compels dismissal of both the Complaint and this action. As this Court suspected when it reviewed Wallace's listing of his prior lawsuits filed in the Southern District of Illinois, he has already accumulated three "strikes" for purposes of Section 1915(g): one in that District's Case No. 09 C 224-DRH, another in its Case No. 09 C 362-GPM (as reflected in that case's Dkt. 11, an order finding the existence of such a strike) and the third in its Case No. 09 C 418-DRH.[3] That being so, Section 1915(g) forecloses Wallace's opportunity to proceed without prepayment of the $350 filing fee (with the concomitant provision of Section 1915(b)(1) that requires the future payment of the fee in installments).

It is worth noting that Wallace's Application is accompanied by a printout that shows him to have had not a single deposit made to his inmate trust fund account at Tamms for the entire period from November 12, 2009 to July 6, 2010, with his constant drain on the account during that time frame for almost innumerable expenditures for "library" and "legal postage" having produced an overdraft of more than $1,700. That being so, any prospect of his prepaying the $350 filing fee (as he must do to

---

[3] Wallace has appeals pending from the dismissal of some of his earlier cases or, in one instance, a portion thereof. If any of those appeals were also to result in dismissal orders constituting strikes, Wallace will have accumulated more than the three strikes that have already knocked him out of the in forma pauperis box.

2

proceed with this action) is clearly nil.

In any event, as already stated, the Application is denied. And given the already-described history reflected in the trust fund printout, both the Complaint and this action are dismissed for failure to pay the filing fee.[4]

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  July 28, 2010

---

[4] As stated earlier, this disposition obviates any need to consider Wallace's lawsuit in substantive terms. But this Court would be remiss if it did not warn Wallace that his effort to call on FOIA and to file suit in this judicial district appears to be a sure loser as well.