IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAURICE WALLACE #R-10764,　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　No. 10 C 4441
　　　　　　　　　　　　　　　　　)
PEGGY H. TANNER,　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

## MEMORANDUM ORDER

On July 20, 2010 this Court issued its memorandum order ("Order") that dismissed this action because pro se plaintiff Maurice Wallace ("Wallace") had previously accumulated three "strikes" for purposes of 28 U.S.C. §1915(g)("Section 1915(g)"). Relatedly, Wallace's accompanying In Forma Pauperis Application ("Application") and the printout of transactions in his inmate trust fund account at Tamms Correctional Center had revealed that not a single deposit had been made to that account for the entire period from November 12, 2009 to July 6, 2010 and that the account balance was a <u>negative</u> $1,700 because of Wallace's regular withdrawals for "library" and "legal postage." Hence there was no prospect of his prepayment of the required $350 filing fee that flowed from the existence of those three "strikes."

Now Wallace has filed a self-prepared "Motion To Alter or Amend Judgement, or, In the Alternative, Relief From Judgement," coupled with what he characterizes as a supporting "Memorandum of

Law."  Although that motion must fail in any event, it is worth noting at the outset that Wallace's references to Fed. R. Civ. P. ("Rules") 59(e) and 60(b) in the alternative are mistaken, because only the latter is potentially applicable.  In that respect Wallace's Mem. 3 says that Rule 59(e) applies "When, as here, the motion is filed within (28) days of the order being challenged"--but that is just not the case here.  Even if Wallace is given the maximum potential benefit of the "mailbox rule," his affidavit of service is dated August 25, which is indisputably beyond the 28-day period during which a Rule 59(e) motion could have been filed.

Thus Rule 60(b) sets the standard for consideration of Wallace's current motion.  But the answer would be the same whichever of the two Rules provided the applicable yardstick.  Unlike some other Courts of Appeals, ours does not condition the counting of a Section 1915(g) strike on the ultimate confirmation, via appeal, of the propriety of a district court's dismissal on the grounds specified in Section 1915(g).  That was expressly held in <u>Robinson v. Powell</u>, 297 F.3d 540, 541 (7th Cir. 2002), which rejected the approach taken by other circuits in cases on which Wallace seeks to rely; and see also <u>George v. Smith</u>, 507 F.3d 605, 608 (7th Cir. 2007):

> George thus incurs two strikes in this litigation--one for filing a complaint containing a frivolous claim, another for an appeal raising at least one frivolous objection to the district court's ruling.

Accordingly this Court once again confirms that "[i]t is unnecessary--and indeed inappropriate--for this Court to turn to the substantive problems with Wallace's purported Freedom of Information Act lawsuit" (Order at 1). Wallace's current motion is denied.

Milton I. Shadur
Senior United States District Judge

Date: September 1, 2010